C. Snodgrass v. James B. Posey, Trustee.

Decided December 6, 1902.

School Land—Transfer by Bankrupt—Forfeiture After Bankruptcy—Trustee's Rights.

Where a purchaser of school land from the State conveyed it to appellant after being adjudicated a bankrupt, and thereafter the General Land Commissioner canceled the sale by the State for nonpayment of interest and again placed the land on the market, and it was sold and awarded by him to appellant, who conveyed it to another, the trustee of the bankrupt, because of such forfeiture, had no interest in the land, and was not entitled to recover of appellant the value thereof, nor for the value of improvements placed thereon by the bankrupt and constituting permanent fixtures.

Appeal from Floyd County. Tried below before Hon. Jo A. P. Dickson.

*J. W. Pruitt* and *W. P. McLean,* for appellant.

*R. T. Miller* and *B. E. Green,* for appellee.

HUNTER, Associate Justice.—This suit was brought by appellee, a trustee of the estate of W. P. Young, a bankrupt, against the appellant to recover the sum of $1000, which the appellee alleges was received by appellant for certain property which the bankrupt sold and conveyed to him after he was adjudged a bankrupt, and which appellant afterwards sold for $1000.

The appellant, among other things, pleaded a general denial. The court instructed a verdict for appellee, and the case comes here by appeal.

An agreed statement of facts in contained in the record, in which it appears that "the following facts were proved," to wit: That section 34 was public school land, and was awarded and sold by the Commissioner of the General Land Office to W. P. Young on February 17, 1898. He was adjudged a bankrupt on July 20, 1899, upon the petition of his creditors filed in the United States District Court for Western District of Texas on the 19th day of May, 1899, and in August the appellee was duly appointed trustee of his estate by the said court, who in the same month duly qualified as such by executing the bond and taking the oath required by law. There were houses and fences and lots and other improvements on a certain portion of said section which it is agreed in the record were "permanent fixtures," and on the 23d day of October, 1899, Young and his wife joined in a quitclaim deed whereby, in consideration of $500, they conveyed 200 acres of said section to appellant, which included the improvements aforesaid. On the 23d day of May, 1900, the Commissioner of the General Land Office canceled and forfeited the sale made to Young, and again placed the land upon the market, when appellant made due application to purchase it, and it was awarded and sold to him on the 20th day of Sep-

tember, 1900, and he afterwards sold the same and conveyed it to Gordon for $1000, and the trustee's suit herein is to recover this $1000. In his petition he formally ratifies the sale to Gordon, but prays earnestly for the proceeds thereof.

We are of opinion that a peremptory charge should have been given by the learned district judge, but it should have been for appellant, as the facts were undisputed that the trustee never had any title or right to either the land, improvements, or the proceeds of the sale thereof, as is apparent from the foregoing agreed facts. Because the title of Young was subject to defeat and forfeiture for nonpayment of interest, and the condition of defeasance having occurred, and it being agreed that the improvements situated thereon were "permanent fixtures," all the interest, right and title in Young reverted to the State, and was subject again to sale. The trustee's title to the land and improvements could rise no higher than Young's.

The judgment is therefore reversed, and is here now rendered for the appellant.

*Reversed and rendered.*